Dear Senator Marionneaux:
This office is in receipt of your request for an opinion of the Attorney General in regard to Pointe Coupee Parish Tourism Commission. You ask the following questions:
 (1) How are the members of the Pointe Coupee Parish Tourism Commission appointed and by whom?
 (2) What length are their terms (tenure) and how are they removed/replaced?
 (3) Is the Commission independent of the parish governing authority?
 (4) How must the money received from the Hotel/Motel tax is spent, and by whom?
 (5) How, and by whom is this Hotel/Motel tax to be collected?
 (6) Is the Commission subject to annual audits by the Legislative Auditor?
In regard to your first four questions portions of R.S. 33:4574
are pertinent which provide as follows:
 A. (1) The governing authority of any parish in the state is authorized and empowered upon its own initiative to form and create a tourist commission or by agreement with the governing authority of any other parish to combine two or more parishes or parts thereof into a single tourist commission with such name or names as the governing authority or authorities may designate.
 (2) Pursuant to Article VI, Sections 19 and 30 of the Constitution of Louisiana, the following commissions and bureaus, hereafter collectively referred to in this Chapter as "tourist commissions" or "commissions", are hereby specifically created as special districts or commissions. Each such commission shall be a body politic and corporate and a political subdivision of the state of Louisiana, composed of the following territory:
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (v) Pointe Coupee Parish Tourist Commission composed of all the territory in Pointe Coupee Parish.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 C. (1)(a) Unless otherwise provided in any local, special, or general law for a particular commission, the commission shall be governed by a board of seven directors, hereinafter also referred to as the governing authority of the commission in this Chapter, to be appointed by the governing authority or authorities of the parish or parishes creating the commission or, in the case of the commissions provided for in Paragraph A(2) of this Section, those parish or parishes which are within the territory of the commission. * * * .
 (b)(i) Unless provided otherwise in any local, special, or general law for a particular commission, appointments shall be made from lists of nominees submitted to the governing authority or authorities by private, non-profit groups that have an interest in one or more aspects of the tourism industry; * * * .
 (ii) The directors shall be appointed for terms of three years.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 D. Unless provided otherwise in any local, special, or general laws for a particular commission, the provisions of this Subsection shall apply. The directors so appointed shall elect from among themselves a chairman who shall serve as the chairman for a term of one year. Vacancies among the directors shall be filled in the same manner that the original appointments are made. In addition to the chairman, the commission shall elect from its membership a vice chairman, secretary and treasurer. The office of secretary and treasurer may be combined if the commission so elects. (Emphasis added.)
 E. The commission shall have the power to sue and be sued, to accept grants or donations of every type, to make capital improvements for the purpose of obtaining federal funds, to do all things necessary for the pro-motion and advertisement and publication of information relating to tourist attractions within its jurisdiction. However, the commission shall not exercise any function which results in competition with local retail businesses or enterprises. Such tourist commission shall not be construed to be a political subdivision of the state or of the parish or parishes creating it.
 F. Notwithstanding Subsection E of this Section, the commissions provided for in Paragraph A(2) shall be construed to be political subdivisions of the state.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
As can be seen from the provisions of R.S. 33:4574 the directors of the Pointe Coupee Parish Tourism Commission are appointed by the governing authority of the parish "unless otherwise provided in any local, special or general law" from lists of nominees submitted to the governing authority by private, nonprofit groups that have an interest in one or more aspects of the tourism industry, and shall have terms of three years. Vacancies are filled in the same manner that the original appointments are made, and under general law a director would remain until his successor is appointed. The Commission can provide in the by-laws for cause and procedure for removal.
Except for the fact that the directors of the Commission are appointed by the parish governing authority, the Pointe Coupee Parish Tourism Commission, being provided for in paragraph A(2) of R.S. 33:4574 is independent of the governing authority as a "political subdivision of the state" except for any local law to the contrary.
With regard to the "Hotel/Motel tax", R.S. 33:4574.1-A provides "a commission created pursuant to R.S. 33:4574(A)(2) is authorized to levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the commission", and sets forth in (A)(1)(v) for Pointe Coupee Parish Tourist Commission that the tax shall not exceed three percent of the fee charged for such occupancy.
In regard to how the money received from the Hotel/Motel tax is spent and collected, R.S. 33:4574.1(A)(6) provides as follows:
 (a) Commissions provided for in R.S. 33:4574(A)(2) shall impose the tax by resolution or ordinance, and shall have the right to provide in the resolution or ordinance necessary and appropriate rules and regulations for the imposition, collection, and enforcement of the tax.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (c)(i) Unless provided otherwise in any local, special, or general law for a particular commission, the proceeds of the occupancy taxes so levied, less a reasonable sum to be paid as a collection fee as provided for in Sub-paragraph (e) of this Paragraph, shall be used by the commission for the operation of the commission and for the purpose of attracting conventions and tourists into the area and jurisdiction of the commission, including but not limited to the authority to spend money for advertising, promotion, and publication of information, or for any other purpose generally or specifically authorized for occupancy taxes in the parish by this Chapter or by any local, special or general law.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (e) The governing authority of the commission may enter into a cooperative endeavor agreement contract with the governing authority or authorities of the parish or parishes within its territories, or with any public entity authorized to collect sales or use tax, for the collection of the tax
which it levies under such terms and conditions it may deem appropriate, including a reasonable collection fee, any may adopt such rules and regulations pursuant thereto regarding the enforcement and collection of the occupancy tax authorized by this Chapter. The commission provided for in R.S. 33:4574(A)(2)(ll) shall have the right to contract with the state for such collection.
 (f) The governing authority of the commission may also enter into a cooperative endeavor agreement contract with the governing authority or authorities of the parish or parishes within its territories or with other public entities for the performance of such duties and functions of the commission which the commission determines is necessary but is unable to perform itself.
(Emphasis added.)
In accordance with this statutory law the Commission has various options by contracts as to the means of collecting the tax, and can spend the money in ways it deems appropriate to operate the Commission and to promote conventions and tourism for its jurisdiction. This office observed in Atty. Gen. Op. No. 98-311 that its function is to promote tourism rather than produce tourist attractions.
As to your final question whether the Commission is subject to annual audits by the Legislative Auditor, we find as a political subdivision of the state, as designated in R.S. 33:4574(F), that R.S. 24:513(A) in setting forth the powers and duties of the legislative auditor has given them the authority to audit the books and accounts of "all public boards, commissions, agencies, departments, political subdivisions of the state". However, that statute further provides (A)(5)(a) in lieu of the examination by the legislative auditor, the legislative auditor may, at his discretion accept an audit prepared by a licensed certified public accountant, provided that such audit is performed in accordance with generally accepted governmental auditing standards.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr